VENABLE LLP
Richard J. Frey (SBN 174120)
rfrey@venable.com
David A. Kettel (SBN 125745)
dkettel@venable.com
Justin Lowe (SBN 223847)
jlowe@venable.com
Noah B. Steinsapir (SBN 252715)
nsteinsapir@venable.com
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 226-9901

Attorneys for Defendants
CAREFIRST OF MARYLAND, INC. and
GROUP HOSPITALIZATION AND MEDICAL
SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARISER, a California citizen, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>CAREFIRST OF MARYLAND, INC., a Maryland corporation, and GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC., a District of Columbia corporation, collectively doing business as CAREFIRST BLUECROSS BLUESHIELD,<br><br>        Defendants. | CASE NO. CV09-05467 VBF (CWx)<br><br>**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>Date: November 9, 2009<br>Time: 1:30 p.m.<br>Ctrm: 9<br><br>*Assigned to the Honorable Valerie Baker Fairbank* |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1    **TO THIS HONORABLE COURT, ALL PARTIES AND THEIR**

2 **COUNSEL OF RECORD:**

3    **PLEASE TAKE NOTICE THAT** on November 9, 2009, at 1:30 P.M., or as

4 soon thereafter as the matter can be heard, in Courtroom 9 of the above-captioned

5 Court, located at 312 N. Spring Street. Los Angeles, CA 90012, Defendants CareFirst

6 of Maryland, Inc. ("CareFirst") and Group Hospitalization and Medical Services, Inc.

7 ("GHMSI") (collectively "Defendants") will, and hereby do, move the Court for an

8 order dismissing the class action Complaint of Plaintiff Michael Pariser ("Pariser")

9 pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss").

10 Defendants make their motion on the following grounds:

11    • Count I of the Complaint should be dismissed because Plaintiff fails to plead

12 facts sufficient to demonstrate any entitlement to benefits under ERISA § 502(a)(1)(B);

13    • Count III of the Complaint should be dismissed because Plaintiff has no

14 standing to file suit under ERISA § 502(a)(3) and cannot seek payment of benefits

15 under that section;

16    • Counts II and IV for violation of RICO fail because Plaintiff lacks standing,

17 failed to plead his claims with sufficient particularity and failed to exhaust

18 administrative remedies;

19    • Count V for Violation of the Sherman Act fails because Plaintiff fails to plead

20 the existence of an agreement;

21    • Count VI for Violation of California Unfair Competition Law fails because

22 California law does not apply to the payment of benefits under insurance policies issued

23 outside of California to Non-California residents and because Plaintiff has failed to

24 plead any facts entitling him to relief;

25    • Count VII for Breach of Contract fails because Plaintiff does not adequately

26 plead the existence of an agreement; and

27    • Count VIII for Fraud fails for lack of specificity under Federal Rule of Civil

28 Procedure 9(b).

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1    The Motion to Dismiss will be based on this Notice of Motion and Motion, the

2    attached Memorandum of Points and Authorities and the complete records and files in

3    this action and such oral and documentary evidence as may be requested by the Court

4    or presented at the hearing.

5

6    Dated:    September 14, 2009          VENABLE LLP

7

8                                          By: /s/Richard J. Frey
                                              Richard J. Frey
9                                             David A. Kettel
                                              Justin J. Lowe
10                                            Noah B. Steinsapir
                                              Counsel for Defendants
11                                            CAREFIRST OF MARYLAND, INC.
                                              and GROUP HOSPITALIZATION
12                                            AND MEDICAL SERVICES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.   INTRODUCTION .................................................................................1

II.  SUMMARY OF PERTINENT COMPLAINT ALLEGATIONS ......................1

     A.   Parties ............................................................................................1
     B.   CareFirst and GHMSI ....................................................................1
     C.   The Patients and Health Plans .......................................................2
     D.   Plaintiff's Alleged Assignments of Benefits ...................................2

III. MOTION TO DISMISS STANDARD ...........................................................3

     A.   FRCP 12(b)(6) Standard .................................................................3
     B.   FRCP 8 Pleading Standard - Twombly and Iqbal ............................4

IV.  COUNT I SHOULD BE DISMISSED BECAUSE PLAINTIFF
     HAS FAILED TO PLEAD FACTS SUFFICIENT TO
     DEMONSTRATE ANY ENTITLEMENT TO BENEFITS UNDER
     ERISA § 502(A)(1)(B). ...........................................................................5

     A.   Plaintiff Has Failed To Identify Any Plan, Claim, Or
          Assignment With Sufficient Particularity. .......................................5
     B.   Plaintiff Has Failed To Plead Facts Sufficient To Show That
          He Has Exhausted The Applicable Administrative Remedies. .................7

V.   COUNT III SHOULD BE DISMISSED BECAUSE PLAINTIFF
     HAS NO STANDING TO FILE SUIT UNDER ERISA § 502(A)(3)
     AND CANNOT SEEK PAYMENT OF BENEFITS UNDER THAT
     SECTION. ................................................................................................8

     A.   Plaintiff Has No Standing To Bring Any Claim Under ERISA
          For Equitable Relief Or For Breach Of Fiduciary Duty. .........................8
     B.   Plaintiff Is Not Entitled To Seek Monetary Relief Under
          ERISA § 502(a)(3). ......................................................................10
     C.   Plaintiff's Allegations of Breach of Fiduciary Duty Sound In
          Fraud And Must Meet The Heightened Pleading
          Requirements Of FRCP 9 ..............................................................11

VI.  THE RICO CLAIMS IN COUNTS II AND IV FAIL BECAUSE
     PLAINTIFF LACKS STANDING, FAILED TO PLEAD HIS
     CLAIMS WITH SUFFICIENT PARTICULARITY AND FAILED
     TO EXHAUST THE APPLICABLE ADMINISTRATIVE
     REMEDIES. ............................................................................................12

     A.   Plaintiff Lacks Standing to Pursue His RICO Claims. ...................13
     B.   Plaintiff Has Failed to Plead His RICO Claims With
          Sufficient Particularity. ................................................................14

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

TABLE OF CONTENTS

                                                                          Page

C.     Assuming the Court Agrees That Plaintiff Failed to Exhaust
       His Administrative Remedies With Respect to His ERISA
       Claims, Plaintiff's RICO Claims Should Be Similarly
       Dismissed. .............................................................................15
D.     Plaintiff's Prayers for Injunctive Relief Should Be Stricken. .................16

VII.   COUNT V FOR VIOLATION OF THE SHERMAN ACT
       SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO
       ADEQUATELY PLEAD THE EXISTENCE OF AN
       AGREEMENT...........................................................................................17

VIII.  COUNT VI SHOULD BE DISMISSED BECAUSE CALIFORNIA
       LAW DOES NOT APPLY TO THE PAYMENT OF BENEFITS
       UNDER INSURANCE POLICIES ISSUED OUTSIDE OF
       CALIFORNIA TO NON-CALIFORNIA RESIDENTS...................................18

       A.     California's Unfair Competition and Insurance Laws Do Not
              Apply To Insurance Payments To A Non-California Insured
              Under A Policy Issued Outside of California. ............................19
       B.     Plaintiff May Not Seek Recovery Under the UCL Because He
              Has Not Suffered Any Loss. ...................................................22

IX.    COUNT FOR BREACH OF CONTRACT FAILS BECAUSE
       PLAINTIFF DOES NOT ADEQUATELY PLEAD THE
       EXISTENCE OF A CONTRACT.................................................................23

X.     PLAINTIFF'S STATE LAW FRAUD CLAIM LIKEWISE FAILS
       FOR LACK OF SPECIFICITY..................................................................24

XI.    CONCLUSION....................................................................................25

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

LA:246913\047273-280219

Page

## CASES

*AccuImage Diagnostics Corp v. Terarecon, Inc.,*
   260 F.Supp.2d 941 (N.D. Cal. 2003)................................................ 19

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) ............................... 16

*Am. Family Ass'n. Inc. v. City & County of San Francisco*, 277 F.3d 1114
   (9th Cir. 2002) ............................................................................ 3

*Amato v. Bernard*, 618 F.2d 559 (9th Cir. 1980) ................................ 7

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ........................................4-5

*Assilzadeh v. California Federal Bank*, 82 Cal.App.4th 399, 414 (2000) ............ 24

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................... 4, 6, 17

*Berg v. First State Ins. Co.*, 915 F.2d 460 (9th Cir. 1990) ............... 13

*Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001) .................. 24

*Botsford v. Blue Cross & Blue Shield of Mont., Inc.* 314 F.3d 390 (9th Cir.
   2002) ............................................................................................ 2

*Bridges v. Blue Cross & Blue Shield Ass'n*, 935 F.Supp. 37 (D.D.C. 1996) ............ 2

*California Med. Ass'n, Inc. v. Aetna U.S. Health Care of California, Inc.*,
   94 Cal.App.4th 151, 155 (2001) ............................................... 19

*Casio Computer Co. v. Sayo*, 2000 WL 1877516 (S.D.N.Y. Oct. 13, 2000) ............ 15

*Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969 (9th Cir. 2004) ........... 3

*Churchill Vill., L.L.C. v. Gen. Elec. Co.*, 169 F. Supp. 2d 1119 (N.D. Cal.
   2000) ............................................................................................ 21

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ............... 4

*Comwest, Inc. v. Am. Operator Servs., Inc.*, 765 F.Supp. 1467 (C.D. Cal.
   1991) ............................................................................................ 15

*Concha v. London*, 62 F.3d 1493 (9th Cir. 1995) ............................ 14

*Conley v. Gibson*, 355 U.S. 41 (1957) ........................................... 3

*Davidowitz v. Delta Dental Plan of California, Inc.*, 946 F.2d 1476 (9th
   Cir. 1991) .................................................................................... 6

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

LA:246913\047273-280219

<u>CASES</u> (Continued)

*Dealertrack v. Huber*, 460 F.Supp.2d 1177 (C.D. Cal. 2006)................24

*Diaz v. United Agricultural Employee Welfare Benefit Plan and Trust*,
   50 F.3d 1478 (9th Cir. 1995).................................................7

*Dietrick v. Bauer*, 76 F.Supp. 2d 312 (S.D.N.Y. 1999) ......................15

*Drinkwater v. Metropolitan Life Ins. Co.*,
   846 F.2d 821, 826 (1st Cir. 1988)..........................................7

*East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395 (1977) ........5

*Edgar v. MITE Corp.*, 457 U.S. 624 (1982) ................................21

*Erickson v. Pardus*, 551 U.S. 89 (2007) ...................................6

*Feifer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202 (2d Cir. 2002).............6

*Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d
   1076 (9th Cir. 2005) ......................................................10

*Foster v. Blue Shield of California*, 2009 WL 1586039 (C.D. Cal. 2009).........8

*Gallagher v. Life Ins. Co. of N. Am.*, 2008 WL 753733 (N.D. Cal 2008).........10

*Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir.
   2004) .....................................................................22

*Harrison v. California Care*, 1994 WL 69469 (N.D. Cal. Feb. 14, 1994).........7

*Healy v. Beer Institute, Inc.*, 491 U.S. 324 (1989) ........................21

*Hedeen v. Aon Corp.*, 2004 U.S. Dist. LEXIS 21706 (N.D. Ill. Oct. 27,
   2004) .....................................................................10

*Horizon Hematology-Oncology, P.C. v. Blue Cross Blue Shield of S.C.*,
   2008 WL 305347 (D.D.C. Jan. 28, 2008) ....................................9

*In Re Blech Sec. Litig.*, 928 F.Supp. 1279 (S.D.N.Y. 1996)..................15

*In Re McKesson HBOC, Inc. ERISA Litig.*, 391 F.Supp.2d 812 (N.D. Cal.
   2005) .....................................................................11

*LaRue v. DeWolff*, 128 S.Ct. 1020(2008) ..................................10

*Madrid v. Perot Sys. Corp.*, 130 Cal.App.4th 440 (2005)....................22

*McFarland v. Memorex Corp.*, 493 F.Supp. 631 (N.D. Cal. 1980) .............15

*Misic v. Bldg. Serv. Employees Health and Welfare Trust*, 789 F.2d 1374
   (9th Cir. 1986)............................................................6

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

LA:246913\047273-280219

CASES (Continued)

*Mitchell v. Occidental Ins.*, 619 F.2d 28 (9th Cir. 1980).............................................. 2

*Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. at 752 (1984)............................... 17

*Moore v. Fox Chevrolet*, 2007 U.S. Dist. LEXIS 21252, (N.D. N.Y. Mar. 26, 2007)............................................................................................................. 11

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989)............... 15, 25

*Morton v. Mancari*, 417 U.S. 535, 551 (1974)........................................................... 16

*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 2009 U.S. App. LEXIS 15694 (9th Cir. 2009)........................................................................................................... 4

*N. Alaska Salmon Co. v. Pillsbury*, 162 P. 93 (Cal. 1916)......................................... 21

*Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993)..................................................... 25

*Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214, 220-221 (1999)........................................................................................................................ 21

*Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007)............................................ 13

*Oscar v. University Students Co-operative Ass'n*, 965 F.2d 783 (9th Cir. 1992) (en banc)....................................................................................................... 13

*Perkins v. Prudential Ins. Co. of Am.*, 417 F.Supp.2d 1149 (C.D. Cal. 2006)........................................................................................................................... 8

*Petherbridge v. Altadena Fed. Sav. & Loan Assn.*, 37 Cal.App.3d 193, (1974)........................................................................................................................... 5

*Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985)............................................. 21

*Phillips v. Steel Workers Western Independent Shops Pension Plan, 2004* WL 2203558 (N.D. Cal. September 29, 2004).......................................................... 8

*Pierce v. Montgomery Couty Opportunity Bd., Inc.*, 884 F.Supp 965, (E.D. Penn. 1995).............................................................................................................. 23

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)............................................. 16

*Pittsburgh & Lake Erie R.R. Co. v. Ry. Labor Executives' Ass'n*, 491 U.S. 490 (1989)............................................................................................................... 16

*Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1089 (1986)............................ 16

*Roarty v. AFA Protective Servs.*, 2008 U.S. Dist. LEXIS 75745, (E.D.N.Y. Sept. 30, 2008)......................................................................................................... 6

*Schreiber Distributing. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, (9th Cir. 1986)......................................................................................................... 14

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

LA:246913\047273-280219

CASES (Continued)

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985) ........................................ 13

*Senese v. Teamsters Pension Fund*, 237 F.3d 819 (7th Cir. 2001) .................... 6

*Spiegler v. Home Depot U.S.A.*, 552 F.Supp.2d 1036 (C.D. Cal. 2008) .......... 23

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ...................... 4

*Standard Oil Co. of New Jersey v. United States*, 221 U.S. 1 (1911) ............... 17

*State Board of Insurance v. Todd Shipyards Corp.*, 370 U.S. 451 (1962) ......... 21

*Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169 (D.C. Cir. 2006) .............................. 6

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ....................................... 14

*Tarr v. State Mutual Life Assur. Co. of Am.*, 913 F.Supp. 40 (D. Mass. 1996) .................................................................................................... 7, 9

*Tibble v. Edison Int'l*, CV 07-5359 SVW (AGRx), 2009 U.S. Dist. LEXIS 67752 (C.D. Cal. July 31, 2009) ............................................................ 5

*United States v. Estate of Romani*, 523 U.S. 517 (1998) ................................. 15

*Varity Corp. v. Howe*, 516 U.S. 489 (1996) ...................................................... 10

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ....................... 24

*Via Christi Reg'l Med. Ctr., Inc. v. Blue Cross and Blue Shield of Kansas, Inc.*, 2006 WL 3469544 (D. Kan. Nov. 30, 2006) ..................................... 9

*Violante v. Communities Southwest Dev. & Constr. Co.*, 138 Cal.App.4th 972 (2006) ................................................................................................. 22

*Vivien v. Worldcom*, 2002 WL 31640557 (N.D. Cal. 2002) ............................ 11

*Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287 (11th Cir. 2003) ................. 17

*Wilson v. Toussie*, 260 F.Supp. 2d 530 (E.D.N.Y. 2003) ................................. 15


TREATISES

Steven Pitt et al., Couch on Insurance § 3:10, (3d ed. 2009) .......................... 20

5 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, §1235 (3d ed. 2009) ............................................................................... 23

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

LA:246913\047273-280219

# I. INTRODUCTION

In a Complaint that is astonishingly devoid of any factual allegations that connect Plaintiff Michael Pariser ("Plaintiff") to Defendants CareFirst of Maryland, Inc. ("CareFirst") and Group Hospitalization and Medical Services, Inc. ("GHMSI") (collectively "Defendants"), Plaintiff purports to represent a nationwide class of non-MD, out-of-network health service providers who were allegedly underpaid by Defendants. In substance, Plaintiff apparently contends that he and other similarly situated health service providers, none of whom are contracted with Defendants, treated patients covered under Defendants' health care plans, but were subsequently paid by Defendants amounts less than what they were entitled to under the terms of the patients' plans. In conclusory language that appears to be lifted directly out of documents relating to investigations by New York Attorney General Andrew Cuomo and Senator John D. Rockefeller, IV, Plaintiff alleges that Defendants relied on Ingenix databases and other "unreliable" data to set unreasonably low reimbursement rates for non-MD, out-of-network providers and, as a result, underpaid Plaintiff and other providers. However, while Plaintiff devotes much of his 59-page Complaint to the alleged flaws of the Ingenix databases, Plaintiff fails to even minimally allege facts establishing his connection to Defendants, the basis for his claims or his standing to pursue those claims. Instead, Plaintiff relies entirely upon bald, conclusory allegations, some of which are made merely upon information and belief, that do not meet the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure ("FRCP").

# II. SUMMARY OF PERTINENT COMPLAINT ALLEGATIONS

## A. Parties

Plaintiff is a licensed psychologist who practices and resides in Los Angeles, California. Complaint ¶ 64.

## B. CareFirst and GHMSI

CareFirst and GHMSI are health insurance companies primarily operating out of Baltimore, Maryland and Washington D.C. Complaint ¶¶ 15-17. Defendants are each

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

independent licensees of the Blue Cross and Blue Shield Association, an association of independent, locally-operated Blue Cross and Blue Shield companies. Complaint ¶¶ 15-16. Neither CareFirst nor GHMSI is licensed in California.

### C.    The Patients and Health Plans

Plaintiff makes general allegations, including "on information and belief" that he treated members of Defendants' health plans and subsequently submitted claims to Defendants pertaining to the services he allegedly provided. Plaintiff, however, presents no specific allegation of fact to support any such claim – he identifies no patient, identifies no service that he provided, identifies no ERISA plan or insurance policy[1] under which he claims a right to compensation, identifies no specific assignment of rights to him from any such patient regarding any such plan or insurance policy, and he identifies no specific claim for payment that was allegedly denied or paid in a reduced amount. In short, Plaintiff utterly fails to allege any details relating to the facts of his alleged claims, even though such facts, if they exist, would be in his possession.

### D.    Plaintiff's Alleged Assignments of Benefits

Plaintiff has no contractual relationship with CareFirst or GHMSI. Plaintiff is not a member of the provider networks of either CareFirst or GHMSI. Complaint ¶ 65.

---

[1] Plaintiff purports to pursue claims for all out-of-network providers in association with services they provided to individuals whose health benefits Defendants insure or administer. Among the products that Defendants insure or administer are government programs, including a health benefits plan for federal employees governed by the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914. At present, Defendants are unable to identify any individual within a FEHBA plan to whom Plaintiff has provided services, and Plaintiff alleges no one in the Complaint. Claims associated with the provision of services to FEHBA-plan enrollees cannot be part of this action. To the extent Plaintiff seeks to include FEHBA-based claims in the case, Defendants will seek dismissal of any such claims. Courts have held that no RICO or state law claims can be pursued against an entity insuring or administering a FEHBA plan, because FEHBA provides the exclusive remedies. See, e.g., Botsford v. Blue Cross & Blue Shield of Mont., Inc. 314 F.3d 390, 398 (9th Cir. 2002); Bridges v. Blue Cross & Blue Shield Ass'n, 935 F.Supp. 37, 41 (D.D.C. 1996). Moreover, because the United States' financial interests are implicated by claims against entities insuring or administering FEHBA plans (see 5 U.S.C. § 8909), claims against those entities – other than claims otherwise permitted against the United States under FEHBA – are barred by the United States' sovereign immunity. See, e.g., Mitchell v. Occidental Ins., 619 F.2d 28, 30 (9th Cir. 1980).

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

Accordingly, Plaintiff is not entitled to receive the benefits of being an "in-network" provider, such as direct payment from Defendants for health care services provided, but has nevertheless sought to obtain those same benefits by "typically" obtaining assignments of benefits from his patients. Complaint ¶ 66. Plaintiff, however, fails to allege that he, in fact, obtained any assignments from patients covered under Defendants' health care plans and, instead, only makes such an allegation upon information and belief. Complaint ¶ 64. Notwithstanding his failure and/or inability to even minimally identify the assignment at issue, Plaintiff bases every claim in the Complaint upon his purported standing as an "assignee and beneficiary of [his] patients' benefits. . ." Complaint ¶ 9. Significantly, while Plaintiff's claims all allegedly arise from assignments he received from patients, Plaintiff does not limit the class that he purportedly represents to health care service providers that received assignments. Rather, Plaintiff seeks to represent "*all* out-of-network non-MD health care providers," irrespective of whether they received valid assignments from their patients.[2]

## III.  MOTION TO DISMISS STANDARD

### A.  FRCP 12(b)(6) Standard

A motion brought under FRCP 12(b)(6) challenges the formal legal sufficiency of a claim. A complaint should be dismissed for failure to state a claim if it appears that the plaintiff can prove no set of facts alleged in support of his claim that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Am. Family Ass'n. Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002). The court is not required, however, "to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969 (9th Cir. 2004) (citing Clegg v. Cult

---

[2] Plaintiff's alleged assignments also leave open the possibility that Plaintiff and the other class members would receive double-recovery for amounts balance billed to their patients. In many cases, Plaintiff and the other class members may have received payment in full from their respective patients for the amounts charged for services. Even assuming the truth of Plaintiff's claims, Plaintiff and the other class members are not entitled to double-recovery from Defendants for amounts already paid by their patients.

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)). The court is likewise "not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Id. (citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### B.  FRCP 8 Pleading Standard - Twombly and Iqbal

To state a claim for relief under FRCP 8(a)(2) and survive a motion to dismiss, a complaint must contain sufficient factual matter that, if accepted as true, will "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Moss v. U.S. Secret Serv., 572 F.3d 962, 2009 U.S. App. LEXIS 15694, at *10-16, *24 (9th Cir. 2009) (citing Iqbal and Twombly). This standard incorporates two fundamental principles. First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim and should be dismissed. Id.; Moss, 572 F.3d 962, 2009 U.S. App. LEXIS 15694, at *18-19 (bald, conclusory allegations, standing alone, are not entitled to an assumption of truth.) Second, a complaint survives a motion to dismiss only if, in the specific context presented, it "states a plausible claim for relief...." Id. at 1950; Moss, 572 F.3d 962, 2009 U.S. App. LEXIS 15694, at *10-16 (granting motion to dismiss where facts plead were merely consistent with defendant's liability and did not give rise to a plausible suggestion that plaintiff was entitled to relief). Given that discovery is expensive and protracted, if the plaintiff's complaint fails either of these two principles, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Twombly, 550 U.S. at 558 (citations omitted).

A claim that rests on sweeping conclusions and fails to plead specific facts to support those conclusions, fails to meet the Iqbal standard. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' A

LA:246913\047273-280219

4

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

complaint that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Tibble v. Edison Int'l</u>, CV 07-5359 SVW (AGRx), 2009 U.S. Dist. LEXIS 67752, at *12 (C.D. Cal. July 31, 2009) (quoting <u>Iqbal</u>, 129 S. Ct. 1937 at 1949, and citing <u>Moss</u>, 572 F.3d 962, 2009 U.S. App. LEXIS 15694, at *5).

Plaintiff's class action Complaint should be dismissed because Plaintiff relies on mere conclusions rather than factual allegations that support his claims and, therefore, has not stated any claim against Defendants. Indeed, Plaintiffs' sole basis for suing on behalf of his patients – i.e., as the purported recipient of an assignment of benefits from his patients – is based on information and belief.[3]

## IV. COUNT I SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD FACTS SUFFICIENT TO DEMONSTRATE ANY ENTITLEMENT TO BENEFITS UNDER ERISA § 502(A)(1)(B).

### A. Plaintiff Has Failed To Identify Any Plan, Claim, Or Assignment With Sufficient Particularity.

In Count I, Plaintiff purports to state a claim for payment of benefits under ERISA § 501(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff, however, identifies no ERISA plan, no specific claim, and no specific facts showing that he made any effort to utilize the administrative claims process provided by such ERISA plans for resolution of a benefits claim. Instead, Plaintiff makes sweeping claims only upon information and belief that he may have submitted some claims to Defendants and some of those claims may have been submitted pursuant to ERISA plans. Complaint ¶ 64.[4]

---

[3] "A class representative must be part of the class <u>and</u> possess the same interest and suffer the same injury." (Emphasis added.) <u>See</u> <u>E. Tex. Motor Freight Sys., Inc. v. Rodriguez</u>, 431 U.S. 395, 403 (1977); <u>see also</u> <u>Petherbridge v. Altadena Fed. Sav. & Loan Assn.</u>, 37 Cal.App.3d 193, 200-201 (1974).

[4] Plaintiff alleges as follows:
"Plaintiff, Michael Pariser, is a licensed psychologist who practices and resides in Los Angeles, California. <u>It is believed and therefore averred</u> that Plaintiff Pariser has obtained assignments of benefit payment rights from an insured covered under individual health care plan [sic] not subject to ERISA and from an insured under employer sponsored health care plan [sic] subject to ERISA that was insured and/or administered by CareFirst, including a

LA:246913\04727\3-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

A plaintiff cannot merely rely upon "labels and conclusions, and a formulaic recitation of the elements of a cause of action," Twombly, 550 U.S. at 555, but must allege sufficient facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89 (2007) (citation omitted). Under § 502(a)(1)(B), "plan participants or beneficiaries . . . are limited to recovering only the benefits specified in the plan." Senese v. Teamsters Pension Fund, 237 F.3d 819, 825 (7th Cir. 2001). "To adjudicate . . . a claim" under § 502(a)(1)(B), the court "must identify the terms of the plan." Roarty v. AFA Protective Servs., 2008 U.S. Dist. LEXIS 75745, at *20 (E.D.N.Y. Sept. 30, 2008) (quoting Feifer v. Prudential Ins. Co. of Am., 306 F.3d 1202, 1208 (2d Cir. 2002)). A complaint that fails to "identify a specific plan term that confers the benefit in question" should be dismissed. Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 174 (D.C. Cir. 2006) (affirming dismissal of complaint under § 502(a)(1)(B)). Here, Plaintiff has failed to identify any specific claim or plan under which his claims are brought, and has failed to present any facts to support his conclusion that either Defendant was an administrator or a fiduciary of that plan. Accordingly, Count I fails and should be dismissed.[5]

---

plan where CareFirst functions as a plan administrator under ERISA." Complaint ¶ 64. (Emphasis added.)
[5] Plaintiff has similarly failed to present any facts to support his allegation that he has a valid assignment of any claim. A provider such as Plaintiff has no direct standing to maintain a claim under ERISA. Misic v. Bldg. Serv. Employees Health and Welfare Trust, 789 F.2d 1374, 1378 (9th Cir. 1986) ("ERISA provides civil actions may be brought under the statute by participants, beneficiaries, fiduciaries, and the Secretary of Labor," not service providers). Thus, a provider may only maintain a claim for ERISA benefits when he has sought and obtained a valid assignment of such benefits from the plan participant. See Id. However, while ERISA benefits may be assigned where such assignments are not prohibited by the plan documents, providers may not obtain assignments of ERISA benefits in the face of express anti-assignment language in the ERISA plan. Davidowitz v. Delta Dental Plan of California, Inc., 946 F.2d 1476, 1481 (9th Cir. 1991) ("The court concludes that ERISA welfare plan payments are not assignable in the face of an express non-assignment clause in the plan.") Of course, because Plaintiff has failed to identify any ERISA plan or plan participant, it is impossible to determine whether the ERISA plans at issue in this case contain anti-assignment provisions.
LA:246913\047273-280219

**B. Plaintiff Has Failed To Plead Facts Sufficient To Show That He Has Exhausted The Applicable Administrative Remedies.**

An ERISA claimant "must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." Diaz v. United Agricultural Employee Welfare Benefit Plan and Trust, 50 F.3d 1478, 1483 (9th Cir. 1995); Amato v. Bernard, 618 F.2d 559, 568 (9th Cir. 1980). A plaintiff must plead specific facts showing that he or she has exhausted the available administrative remedies, and where a plaintiff fails to do so, the claim should be dismissed. See, e.g., Tarr v. State Mutual Life Assur. Co. of Am., 913 F.Supp. 40, 44 (D. Mass. 1996); Harrison v. California Care, 1994 WL 69469, *4 (N.D. Cal. Feb. 14, 1994).

A plaintiff cannot avoid his or her obligation to exhaust administrative remedies by making bare and conclusory assertions that it would be "futile" to do so. Diaz, 50 F.3d at 1485 ("[B]are assertions of futility are insufficient to bring a claim within the futility exception"). Rather, a plaintiff must plead specific facts showing that "an administrative review . . . is demonstrably doomed to fail." Id.; Harrison, 1994 WL 69469, at *4 (dismissing ERISA claims despite assertion by plaintiff that review procedure information had not been disclosed, because "there is no evidence that [plaintiff] made any attempt to obtain that information, and nowhere do the [plaintiffs] allege that they were denied such information despite requesting it," and having failed to allege any effort to do so "the [plaintiffs] cannot now escape the exhaustion requirement"). See also Tarr, 913 F.Supp. at 44 (rejecting plaintiff's bald allegations of futility, and stating that "[f]or the exception to apply. . . a plaintiff must assert facts supporting his claim of futility"); Drinkwater v. Metro. Life Ins. Co., 846 F.2d 821, 826 (1st Cir. 1988) (stating that "[a] blanket assertion unsupported by any facts is insufficient").

Plaintiff has failed to allege any specific facts showing even a single instance of an effort to exhaust an administrative remedy. Complaint ¶¶ 76, 77. Rather, Plaintiff merely provides several legal conclusions, without any parallel supporting factual

LA:246913\047273-280219

allegations, to attempt to demonstrate that he has fulfilled any exhaustion obligation, or that fulfillment was otherwise futile. Specifically, Plaintiff concludes that Defendants have (1) a policy of refusing to process claims that have been processed using Ingenix; (2) other Putative class members have exhausted; (3) Defendants have expressed an intent to continue to use faulty data for reimbursement; and (4) Defendants inadequately disclose their grievance procedures. See Id. Because Plaintiff fails to allege a single fact to support his conclusions, Plaintiff's ERISA claims should be dismissed.[6]

## V. COUNT III SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NO STANDING TO FILE SUIT UNDER ERISA § 502(A)(3) AND CANNOT SEEK PAYMENT OF BENEFITS UNDER THAT SECTION.

### A. Plaintiff Has No Standing To Bring Any Claim Under ERISA For Equitable Relief Or For Breach Of Fiduciary Duty.

Similarly, Plaintiff has no standing to bring any claim seeking equitable relief or for breach of fiduciary duty under ERISA § 502(a)(3), which claims may only be brought by plan participants, beneficiaries, fiduciaries, or the Secretary of Labor. See 29 U.S.C. § 1132(a). As set forth above, Plaintiff's purported standing is based upon mere conclusory allegations (on information and belief) that plan participants assigned to him their right to receive payment for specific services. Complaint ¶ 64. However, even if Plaintiff sought and obtained valid assignments not otherwise prohibited by anti-assignment language in the plan documents, Plaintiff's Complaint makes clear that he received only assignments of ERISA plan benefits and not the right to seek equitable relief or the right to file suit for breach of fiduciary duty.

---

[6] The Complaint's conclusory assertions in this case stand in stark contrast to other cases in which proper allegations of exhaustion of administrative remedies or futility have been made. For example, in Perkins v. Prudential Ins. Co. of Am., 417 F.Supp.2d 1149, 1153 (C.D. Cal. 2006), the court found that futility had been pled because the plaintiff had identified a specific history of claims and lawsuits between the plaintiff and insurer, in which the insurer had refused to pay plaintiff's benefits. See also Foster v. Blue Shield of California, 2009 WL 1586039, at *5 (C.D. Cal. 2009) (discussing Perkins); see also Phillips v. Steel Workers Western Independent Shops Pension Plan, 2004 WL 2203558 (N.D. Cal. September 29, 2004) Plaintiff has pled no facts to show that it would have been futile for him to pursue administrative remedies in this case.

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

Equitable relief such as that sought by Plaintiff extends far beyond any specific assignment of benefits and would affect the rights of numerous non-party plan participants. For example, Plaintiff contends in Count III that he may "seek removal of any fiduciary that breached its duties." Complaint ¶ 148. However, Plaintiff cannot legitimately contend that he is the proper party to force the change of a plan fiduciary for an ERISA plan in which he is not a participant and in which he has no interest beyond the alleged assignment of a right to collect benefits on a specific claim.[7]

In Tarr, 913 F.Supp. at 44-45, the United States District Court for the District of Massachusetts rejected an attempt by a provider (similar to Plaintiff's here) to "enforce" ERISA provisions that extended beyond recovery of the benefits that had been assigned. The Tarr court held that "the scope of plaintiff's right to sue should be coextensive with what is assigned, i.e., in this case, the right to collect payment under the plan for the services rendered by the assignee." Id. at 45 (noting that its conclusion "is bolstered by the plaintiff's inability to direct this Court's attention to any case in which a health care provider, as an assignee of beneficiaries of ERISA plans, has been permitted to maintain an action extending beyond the scope of recovery of reimbursement due as an assignee"); see also Via Christi Reg'l Med. Ctr., Inc. v. Blue Cross and Blue Shield of Kansas, Inc., 2006 WL 3469544, at *7 (D. Kan. Nov. 30, 2006) ("The fact that an assignment of the right to insurance proceeds is valid under ERISA, however, says nothing about the scope of the instant assignment or whether it can be construed as including the right to seek redress for the lapse of an insurance policy allegedly caused by a breach of fiduciary duty"). Thus, even setting aside Plaintiff's inability to plead any facts relating to his alleged assignments beyond those

---

[7] Count III should also be dismissed because Plaintiff alleges a right to obtain sweeping relief that would prejudice the rights of existing ERISA plan participants who have not been joined as parties. See, e.g., Horizon Hematology-Oncology, P.C. v. Blue Cross Blue Shield of S.C., 2008 WL 305347, at *3 n.5 (D.D.C. Jan. 28, 2008) (dismissing complaint by health care provider and noting, that if claims are refiled as ERISA claims for benefit payments, "[j]oinder of the patient/plan participant in such an action may be necessary depending upon the scope of the assignment and whether the decision in any refiled action(s) could impact the patient/plan participant's residual financial obligations or future rights under the same plan or policy").

LA:246913047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1    alleged on mere information and belief, Plaintiff alleges, at most, that he received

2    assignments of benefits only and not assignments of any fiduciary duty claims or claims

3    for equitable relief.  Accordingly, Plaintiff lacks any standing to bring such claims and

4    Count III should be dismissed.

5        **B.    Plaintiff Is Not Entitled To Seek Monetary Relief Under ERISA §**

6             **502(a)(3).**

7        Count III should also be dismissed because Plaintiff cannot file suit under ERISA

8    § 502(a)(3) to seek payment of benefits, where such a claim is properly made, if at all,

9    only under ERISA § 502(a)(1)(B).  Plaintiff's attempts to require Defendants to

10   "recalculate the benefits owed to Plaintiff and the class" (Complaint ¶ 147), or to obtain

11   "injunctive and declaratory relief" that would require Defendants to pay additional

12   benefits to Plaintiff, (id. at ¶ 10), do not state a proper cause of action under § 502(a)(3).

13       Indeed, equitable relief under § 502(a)(3) is not appropriate "where Congress

14   elsewhere provided adequate relief for a beneficiary's injury," such as under §

15   502(a)(1)(B).  Varity Corp. v. Howe, 516 U.S. 489, 514-515 (1996); see also LaRue v.

16   DeWolff, 128 S.Ct. 1020, 1026 (2008) (stating that "relief is not 'appropriate' under §

17   502(a)(3) if another provision, such as § 502(a)(1)(B), offers an adequate remedy")

18   (Roberts, C.J. and Kennedy, J. concurring).  As the Ninth Circuit observed in Ford v.

19   MCI Communications Corp. Health and Welfare Plan, 399 F.3d 1076, 1082-83 (9th

20   Cir. 2005), § 502(a)(3) "is a catchall provision" that provides equitable relief only "for

21   injuries caused by violations that [29 U.S.C. § 1132] does not elsewhere adequately

22   remedy." Id. at 1082-83; see also Gallagher v. Life Ins. Co. of N. Am., 2008 WL

23   753733, at *12 (N.D. Cal 2008) (concluding that "this Court is bound by the most

24   recent Ninth Circuit pronouncement on this issue, which is that § 1132(a)(3) is

25   unavailable to a plaintiff who has another ERISA remedy available. . .".)

26       In fact, a § 502(a)(3) claim that seeks payment of ERISA benefits should be

27   dismissed under Varity even if the plaintiff's § 502(a)(1)(B) claim for benefits is

28   dismissed.  See, e.g., Hedeen v. Aon Corp., 2004 U.S. Dist. LEXIS 21706, at *14 (N.D.

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

Ill. Oct. 27, 2004) (noting that a plaintiff need not have a "successful" claim under § 502(a)(1)(B) to be precluded from recasting that claim under § 502(a)(3)). Plaintiff cannot simply "attempt[]to dress his benefits claim in fiduciary duty clothing by requesting the same relief" under both § 502(a)(1)(B) and 502(a)(3). Moore v. Fox Chevrolet, 2007 U.S. Dist. LEXIS 21252, at *18-19 (N.D. N.Y. Mar. 26, 2007). Nor can Plaintiff properly seek to avoid the exhaustion requirements imposed on claims for benefits under § 502(a)(1)(B) by seeking to recast his claim as one for "breach of fiduciary duty" under § 502(a)(3). See Diaz, 50 F.3d 1478, 1484 (observing that plaintiff could not recast a benefit claim as one of "statutory violation" and "use that label as an asserted justification for a total failure to pursue the congressionally mandated internal appeal procedures."). Thus, to the extent that Plaintiff seeks to recover benefits that have been assigned to him, he cannot do so under Count III, and Count III should therefore be dismissed for this additional reason.

**C. Plaintiff's Allegations of Breach of Fiduciary Duty Sound In Fraud And Must Meet The Heightened Pleading Requirements Of FRCP 9.**

Finally, Count III should be dismissed because it purports to allege fraud on the part of the Defendants, but does not meet the pleading requirements of FRCP 9. "[W]hen a plaintiff claims that a defendant's fraud constitutes a breach of fiduciary duty, courts may apply the heightened pleading standards of Federal Rule of Civil Procedure 9(b)." In Re McKesson HBOC, Inc. ERISA Litig., 391 F.Supp.2d 812, 821 n.8 (N.D. Cal. 2005); see also Vivien v. Worldcom, 2002 WL 31640557, at *7 (N.D. Cal. 2002) (dismissing breach of fiduciary claim for failure to comply with FRCP 9(b) where "the first amended complaint points to nine generic improper business practices to demonstrate falsity and misrepresentation" and "clearly sounds in fraud"). Plaintiff's claims of breach of fiduciary duty plainly sound in fraud, as Plaintiff makes repeated and numerous conclusory allegations of intentional wrongdoing by Defendants, painting a picture (wholly divorced from reality) by which Defendants made knowing misrepresentations to ERISA beneficiaries for personal gain. Plaintiff, for example,

LA:246913\047273-280219

alleges that:

• Defendants knew of alleged flaws in Ingenix data, but did not inform its insureds, and "elevated [their] own financial self-interest over the best interests of insureds and their providers," Complaint ¶ 35-37;

• Defendants "illegally agreed with Ingenix that neither will disclose the Ingenix database information," id. ¶ 50;

• Defendants made "representations, *inter alia,* about Ingenix's databases that [they] knew were false," id. ¶ 146;

• Defendants' Explanation of Benefits ("EOBs") are "intentionally uninformative, false, and misleading," id. ¶ 74.

• Defendants "employed a pattern of non-disclosures and misrepresentations to actively conceal [their] misconduct," id. ¶ 47; and

• Defendants' alleged underpayment of benefits "had the intended effect of discouraging its insureds" from using out-of-network providers, id. ¶ 7.

Such claims plainly allege fraud by the Defendants but fail to identify any specific misrepresentation tied to any specific ERISA plan or claim. Thus, Plaintiff's broad and conclusory allegations are wholly insufficient to meet the requirements of FRCP 9.

## VI. THE RICO CLAIMS IN COUNTS II AND IV FAIL BECAUSE PLAINTIFF LACKS STANDING, FAILED TO PLEAD HIS CLAIMS WITH SUFFICIENT PARTICULARITY AND FAILED TO EXHAUST THE APPLICABLE ADMINISTRATIVE REMEDIES.

In Count II of the Complaint, Plaintiff alleges that Defendants violated 18 U.S.C. § 1962(c) by committing numerous predicate acts of "racketeering activity," including (a) mail fraud, in violation of 18 U.S.C. § 1341, and (b) wire fraud, in violation of 18 U.S.C. § 1343 (Complaint ¶ 120). Count IV of the Complaint likewise alleges violations of 18 U.S.C. § 1962(c), but alleges that the specific "racketeering" activity that serves as the predicate act is theft or embezzlement from an employee benefit plan,

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

pursuant to 18 U.S.C. § 664. Complaint ¶ 153. Plaintiff seeks treble damages, injunctive and declaratory relief, plus costs and attorneys fees in connection with both RICO counts. Complaint ¶¶ 137 and 169.

As set forth below, Plaintiff's RICO claims fail because Plaintiff (1) lacks standing, (2) failed to meet the strict pleading standards required by the Ninth Circuit, (3) failed to exhaust the administrative remedies available to him, and (4) impermissibly seeks injunctive relief in connection with his RICO claims, which request should be stricken.[8] For each of these reasons, Counts II and IV should be dismissed.

### A. Plaintiff Lacks Standing to Pursue His RICO Claims.

In order to state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege the following: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Odom v. Microsoft Corp., 486 F.3d 541, 548 (9th Cir. 2007) (citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)). In addition, a plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation. Sedima, 473 U.S. at 496.

Although RICO is to be "liberally construed," not all injuries are compensable under the RICO statutes. Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992) (en banc). A showing of "injury" requires proof of concrete financial loss. Id.; see also Berg v. First State Ins. Co., 915 F.2d 460, 464 (9th Cir.

---

[8] Numerous courts and commentators have noted that many RICO plaintiffs have overreached well beyond the bounds of the law's reasonable construction. As a result, civil RICO is now being used in ways that Congress never intended when it enacted the statute in 1970. In fact, a survey of 145 appellate decisions nationwide rendered from 1999 to 2001 in connection with RICO civil actions revealed that approximately 70 percent of the cases were finally disposed of on defendants' motions to dismiss or for summary judgment, and that in approximately 80 percent of those in which the appellate Court decided a RICO issue the ruling was favorable to defendants. See Pamela H. Bucy, Private Justice, 76 S. Cal. L.Rev. 1, 22 (2002). Of the 9.6 percent of the suits in which plaintiffs obtained a favorable verdict after a jury trial, only 25 percent of the judgments were affirmed on appeal. See Id. As a result, plaintiffs achieved a final victory in only three of 145 cases, or a final success rate of only approximately two percent.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1990).  As with his ERISA claims, Plaintiff summarily alleges that he was and continues to be injured because he was underpaid for certain services, but fails to specify any facts about the actual alleged loss.  Plaintiff also generically alleges that he was "forced to exhaust significant time and resources addressing [the alleged] wrongful practices."  Complaint ¶ 136.  These conclusory allegations, without more, are insufficient to satisfy the RICO standing requirement that Plaintiff has been injured in his "business or property."  Accordingly, Plaintiff's RICO claims should be dismissed.

## B.  Plaintiff Has Failed to Plead His RICO Claims With Sufficient Particularity.

Plaintiff may not circumvent the heightened pleading requirement under Rule 9(b) by merely characterizing a fraud claim as a RICO claim.  Swartz v. KPMG LLP, 476 F.3d 756, 764-765 (9th Cir. 2007); Concha v. London, 62 F.3d 1493, 1502-1503 (9th Cir. 1995).[9]  In Schreiber Distributing. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400 (9th Cir. 1986), the Ninth Circuit held that Rule 9(b) "requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  There, plaintiff's complaint was similar to the Complaint here and merely alleged, in conclusory fashion, that the defendants "engaged in racketeering activity by engaging on two or more occasions the use of the United States mail and/or use of interstate telephone calls for the purpose of executing or attempting to execute the aforesaid fraudulent scheme. . .".  Id.  Because the complaint failed to state more, the Ninth Circuit affirmed the dismissal of the RICO causes of action based on plaintiff's failure to plead them with sufficient specificity.

As indicated above, among the allegations that must be stated with particularity

---

[9] "[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the representations.'  (Citation omitted.)  'To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'"  (Citation omitted.)  Swartz, 476 F.3d at 764.

LA:246913:047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

are time, place, and specific content of the fraud or false representations. Plaintiff's

complaint contains no such information. In addition, the roles of each defendant in the

alleged scheme must also be stated with particularity. Moore v. Kayport Package

Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989) ("The RICO claim…does not attribute

specific conduct to individual defendants."). Similarly, in Wilson v. Toussie, 260

F.Supp. 2d 530, 537 (E.D.N.Y. 2003), another case involving RICO allegations, the

court held that Rule 9(b) is not satisfied by a complaint in which "defendants are

clumped together in vague allegations." See also Dietrick v. Bauer, 76 F.Supp. 2d 312,

330 (S.D.N.Y. 1999); In re Blech Sec. Litig., 928 F.Supp. 1279, 1294 (S.D.N.Y. 1996);

Casio Computer Co. v. Sayo, 2000 WL 1877516, at 15 (S.D.N.Y. Oct. 13, 2000)

("[W]here multiple defendants are charged with fraud, the complaint must particularize

each defendant's alleged participation in the fraud. Plaintiff must draw connections

between the various defendants and the alleged acts of mail or wire fraud.") (citations

omitted); Comwest, Inc. v. Am. Operator Servs., Inc., 765 F.Supp. 1467, 1471 (C.D.

Cal. 1991) ("Given that allegations of fraud are particularly injurious to business and

professional reputations, a fraud claim may withstand a Rule 9(b) challenge only if it

states 'the manner in which [the alleged misrepresentations] are false, and the facts that

support an inference of fraud by each defendant.'" (quoting McFarland v. Memorex

Corp., 493 F.Supp. 631, 639 (N.D. Cal. 1980)).

     The Complaint fails to state with any particularity when the alleged fraud or theft

occurred, where it occurred, or even the particular nature of the alleged fraud or theft.

Moreover, the Complaint fails to state with particularity the roles of each defendant in

the alleged scheme. Accordingly, both RICO counts should be dismissed.

    **C.   Assuming the Court Agrees That Plaintiff Failed to Exhaust His**
          **Administrative Remedies With Respect to His ERISA Claims,**
          **Plaintiff's RICO Claims Should Be Similarly Dismissed.**

     To the extent possible and absent clearly expressed congressional intent to the

contrary, federal statutes should be read together and in concordance with each other.

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  See, e.g., United States v. Estate of Romani, 523 U.S. 517, 530 (1998) (harmonizing

2  Tax Lien Act and federal priority statutes with respect to Government's ability to collect

3  delinquent taxes); Pittsburgh & Lake Erie R.R. Co. v. Ry. Labor Executives' Ass'n, 491

4  U.S. 490, 509-11 (1989) (construing Interstate Commerce Act and the RLA in harmony

5  to avoid frustration of Congress' intent); Morton v. Mancari, 417 U.S. 535, 551 (1974)

6  ("[C]ourts are not at liberty to pick and choose among congressional enactments, and

7  when two statutes are capable of coexistence, it is the duty of the courts, absent a

8  clearly expressed congressional intention to the contrary, to regard each as effective.").

9  Accordingly, this Court should interpret the ERISA and RICO statutes in harmony with

10  one another, and should avoid any conflicting interpretations of the two statutes.

11      Here, allowing Plaintiff to seek damages for allegedly unpaid or underpaid

12  benefits from employee benefit plans under RICO, while bypassing ERISA's

13  comprehensive and integrated enforcement scheme would simply frustrate Congress's

14  objectives in fashioning and enacting ERISA, which was intended to create "a

15  comprehensive civil enforcement scheme that represents a careful balancing of the need

16  for prompt and fair claims settlement procedures against the public interest in

17  encouraging the formation of employee benefit plans." Pilot Life Ins. Co. v. Dedeaux,

18  481 U.S. 41, 54 (1987). ERISA's enforcement mechanism "is essential to accomplish

19  Congress's purpose of creating a comprehensive statute for the regulation of employee

20  benefit plans." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004).

21      **D.**   **Plaintiff's Prayers for Injunctive Relief Should Be Stricken.**

22      Plaintiff's requests for injunctive relief in connection with his RICO claims

23  should be stricken because the Ninth Circuit flatly rejects extending the right to

24  injunctive relief to private parties under RICO. Religious Tech. Ctr. v. Wollersheim,

25  796 F.2d 1076, 1089 (1986).[10]

26

27  [10] "[W]hile on balance, it may have been desirable for Congress to have extended to
private parties the right to injunctive relief under civil RICO, we are convinced that Congress

28  chose not to do so, and we must respect and follow that judgment." (Footnote omitted).
Religious Technology Center v. Wollersheim, 796 F.2d 1076, 1089 (1986).

LA:246913\047273-280219

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

## VII.   COUNT V FOR VIOLATION OF THE SHERMAN ACT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO ADEQUATELY PLEAD THE EXISTENCE OF AN AGREEMENT

Section 1 of the Sherman Act prohibits contracts, combinations or conspiracies that unreasonably restrain trade. 15 U.S.C § 1; Standard Oil Co. of New Jersey v. United States, 221 U.S. 1, 58 (1911). Certain restraints of trade are per se unlawful, while others require a factually intensive balancing test under the rule of reason. Under either standard, the threshold question is whether the challenged conduct stems from an independent decision or from an agreement. Twombly, 550 U.S. at 553. An agreement requires a meeting of the minds – "some level of commitment to a common course of action . . . a traditional agreement." VI Philip E. Areeda & Herbert Hovenkamp, Antitrust Law ¶ 1410c, at 63 (2d ed. 2003). "Although the meeting of the minds need not be formal, it must transpire." Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1299 n.10 (11th Cir. 2003).

Under Twombly, a claim under Section 1 of the Sherman Act must be dismissed if it does not contain "enough factual matter (taken as true) to suggest that an agreement was made." Twombly, 550 U.S. at 556. The factual allegations, moreover, must plausibly suggest (not merely be consistent with) an agreement that violates the antitrust laws. Twombly, 550 U.S. at 555-56. "[W]ithout that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory." Twombly, 550 U.S. at 557.

The Sherman Act conspiracy count of the Complaint is riddled with nothing but self-serving conclusory allegations that Defendants agreed with competitors to fix the price of UCR rates, and yet there is not a single fact pled to support these sweeping conclusions. Complaint ¶¶ 174-177, 179-181, 183-184, 186-187, 189-190, 191, 194 and 197. The Sherman Act claim rests solely on each competitor's use of the Ingenix Database. Complaint ¶¶ 174, 176, 179 and 183. However, Plaintiff fails to allege any specific facts to even suggest that Defendants' alleged use of the Ingenix database is

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

anything more than an independent unilateral business decision. See Monsanto Co. v. Spray-Rite Serv. Corp., 465 U.S. at 761 ("Unilateral activity, no matter what its motivation, cannot give rise to a Section 1 violation.").  The Complaint alleges parallel conduct but nothing more.  Complaint ¶ 183.  Mere "allegation[s] of parallel conduct and … bare assertion[s] of conspiracy" do not constitute sufficient factual matter to plausibly suggest that an agreement was made.  Twombly, 550 U.S. at 556.  Rather, "[w]hen allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action."  Twombly, 550 U.S. at 557.  The Complaint provides no facts or context whatsoever to suggest that there was an agreement among and between Defendants and their competitors to use the Ingenix Database or to agree on UCR rates.  Plaintiff's failure to properly allege that Defendants acted in concert warrants dismissal.

## VIII. COUNT VI SHOULD BE DISMISSED BECAUSE CALIFORNIA LAW DOES NOT APPLY TO THE PAYMENT OF BENEFITS UNDER INSURANCE POLICIES ISSUED OUTSIDE OF CALIFORNIA TO NON-CALIFORNIA RESIDENTS.

In Count VI, Plaintiff purports to state a claim against Defendants under California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq. (the "UCL"). Complaint ¶ 200 et seq.  As a basis for his UCL claim, Plaintiff alleges that he has "treated and submitted claims to CareFirst for services to patients in California who are insureds under individual or group health care plans not subject to ERISA that are insured or administered by CareFirst."  Complaint ¶ 202.[11]  Plaintiff alleges that the Defendants committed an "unlawful business practice" in the administration of such

---

[11]  Some California residents may be insured under employer plans issued or administered by CFMI or GHMSI, but such plans are governed by ERISA.  Plaintiff has expressly exempted any ERISA plans from Count VI.  Complaint ¶ 202.  Plaintiff has done this for good reason: ERISA would preempt any claims based upon California law that relate to the administration of an ERISA plan.

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  claims, and further contends that Defendants violated certain California insurance laws.

2  Id. ¶¶ 205 et seq.  Count VI should be dismissed because (1) Defendants are not

3  properly subject to the UCL or California insurance or managed care laws in the

4  administration of insurance benefits provided under non-California insurance policies to

5  non-California insureds and (2) Plaintiff fails to allege any facts entitling him to relief

6  under the UCL.[12]

7        **A.  California's Unfair Competition and Insurance Laws Do Not Apply**

8                 **To Insurance Payments To A Non-California Insured Under A Policy**

9                 **Issued Outside of California.**

10        Defendants are not licensed to sell insurance in California, and they do not do so.

11  As alleged in the Complaint, Defendants collectively "insur[e] and adminster[]

12  individual and commercial (employer sponsored) health benefits to more than 3.2

13  million members in Maryland, the District of Columbia, and Northern Virginia."

14  Complaint ¶ 2.

15        Neither CFMI nor GHMSI have entered into any agreement with Plaintiff –

16  Plaintiff specifically claims to be an "out-of-network" provider, who does "not have a

17  signed contract to provide health care services to CareFirst's insureds."  Complaint ¶

18  20.  Plaintiff's claims are based entirely upon alleged assignments of benefits to him by

19  the alleged non-California insureds.  Complaint ¶ 2.  As alleged in paragraph 20 of the

20  Complaint, Plaintiff has the option of collecting his "full charges directly from patients

21  at the time of service or [he] may agree to accept an assignment of benefits [from the

22  patient], which occurs when an insured authorizes their insurance company to remit

23  payment directly to the health care provider for the covered services."  (emphasis

24

25  _____

26  [12] Count IV also should be dismissed to the extent that it purports to allege an "unfair" business practice on the basis alleged breaches of contract.  "[T]he 'unfairness term' of the UCL does not give the courts a general license to review the fairness of contracts."  California

27  Med. Ass'n, Inc. v. Aetna U.S. Health care of California, Inc., 94 Cal.App.4th 151, 168 (noting that "(internal quotation omitted); AccuImage Diagnostics Corp v. Terarecon, Inc.,

28  260 F.Supp.2d 941 (N.D. Cal. 2003) (noting that the scope of § 17200 "is restricted to violations of law, not contract").

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1   added).  In other words, by his own admission, Plaintiff has stepped into the shoes of

2   insureds who obtained insurance policies outside of California when they were not a

3   California resident.

4        California law does not govern reimbursements sought under insurance policies

5   issued outside of California to residents of Maryland, Virginia, or the District of

6   Columbia.  Under black-letter insurance law, a foreign corporation will not be deemed

7   to be "doing business" in a State, and thus subject to that State's regulatory authority,

8   based upon contracts that are made and performed outside of the State, even if the

9   foreign corporation has contracted with a State's residents.  Couch on Insurance 3d §

10  3:10, at 3-14.  Any insurance policies at issue here were undeniably issued outside of

11  California to non-Californians, and are therefore governed by the law of the place of

12  issuance.  Couch § 3:10, at 3-14; see also Cal. Civ. Code § 1646.

13       The insurance statutes cited by Plaintiff as alleged violations of law, see

14  Complaint ¶¶ 205 and 207, by their terms do not apply to the alleged non-California

15  insurance contracts that are the subject of Plaintiff's Complaint.  Section 322 of the

16  California Insurance Code sets forth requirements for disclosures by and between

17  parties at the time they enter into an insurance contract in California.  See Cal. Ins.

18  Code § 322.[13]  Plaintiff is not party to any contract with Defendants, and § 322 does not

19  apply to an insurance agreement issued by a non-California insurer to a non-California

20  resident.  Couch § 3:10, at 3-14.  In the same vein, the benefit payment regulations cited

21  by Plaintiff pertain only to disability and health insurance plans issued in California by

22  California-licensed insurers and HMOs, and do not apply to Defendants' payment of

23  benefits pursuant to insurance plans not governed by California law.  Complaint ¶¶ 205

24  and 207.

25       Nor does the UCL govern the payment of claims under an insurance contract

26

27  [13] "Each party to a contract of insurance shall communicate to the other, in good faith, all facts
    within his knowledge which are or which he believes to be material to the contract and as to
28  which he makes no warranty, and which the other has not the means of ascertaining,"
    (Emphasis added).  Cal. Ins. Code § 322.
    LA:246913\047273-280219

20

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  issued outside of California to a non-California resident. California statutes are

2  presumed not to regulate extraterritorial conduct. N. Alaska Salmon Co. v. Pillsbury,

3  162 P. 93 (Cal. 1916), cited by Churchill Vill., L.L.C. v. Gen. Elec. Co., 169 F.Supp. 2d

4  1119, 1126-27 (N.D. Cal. 2000). There can be no dispute that non-California insureds

5  would have no claim against Defendants under California's UCL: "[S]ection 17200

6  does not support claims by non-California residents where none of the alleged

7  misconduct or injuries occurred in California." Churchill Vill., L.L.C. v. Gen. Elec.Co.,

8  169 F.Supp. 2d 1119, 1126-27 (N.D. Cal. 2000); Norwest Mortgage, Inc. v. Superior

9  Court, 72 Cal.App.4th 214, 220-221 (1999) (holding that non-California residents could

10  not file suit in California under the UCL based upon non-California insurance policies,

11  where such claims raised significant due process problems). Plaintiff cannot himself

12  make such claims, where his only alleged basis for standing relies upon an assignment

13  of a insured's rights. At best, Plaintiff stands in the shoes of the insureds, he is not

14  entitled to anything more. Claims for reimbursement under such policies, and any

15  related consumer protection actions, would necessarily arise under the laws of the states

16  in which the alleged insurance policies were issued, which states are alleged in the

17  Complaint to be Maryland, Virginia, or the District of Columbia. Complaint ¶ 2.

18  Accordingly, Plaintiff's UCL claim should be dismissed.[14]

19

20

21

22

---

23  [14] Application of the California insurance laws or the UCL in this case would also violate the
Due Process and Commerce clauses of the United States Constitution. See State Board of
Insurance v. Todd Shipyards Corp., 370 U.S. 451, 454-55 (1962) (holding that an effort by
24  Texas to tax insurance transactions that took place entirely outside of Texas was
unconstitutional, even if the insured property was located in Texas); Phillips Petroleum Co. v.
25  Shutts, 472 U.S. 797, 815-16 (1985) (finding that Due Process rights of gas company investors
were violated when Kansas courts applied Kansas law to oil and gas leases issued for
26  properties outside of Kansas); see also Healy v. Beer Institute, Inc., 491 U.S. 324, 335 (1989)
(noting that "a statute that directly controls commerce occurring wholly outside the boundaries
27  of a State exceeds the inherent limits of the enacting State's authority and is invalid regardless
of whether the statute's extraterritorial reach was intended by the legislature"), quoting Edgar
28  v. MITE Corp., 457 U.S. 624, 642-43 (1982) (plurality op.).

LA:246913\047273-280219

21

## B. Plaintiff May Not Seek Recovery Under the UCL Because He Has Not Suffered Any Loss.

Plaintiff likewise cannot state a claim under the UCL because he has not alleged any loss that is recoverable under the UCL. Plaintiff alleges that "[p]atients are harmed because payors like CareFirst are not reimbursing out-of-network services at appropriate levels, which results in patients increasingly being billed for amounts in excess of CareFirst's coverage." Complaint, ¶ 73. Plaintiff further alleges that members of the class "are harmed because they are often unable to collect these balances from their patients and are forced to take a loss for their services." Id. The UCL, however, does not allow physicians to recover money that their patients have been unable to pay because an insurance company has not fully reimbursed a patient. The UCL permits a plaintiff to recover only "money taken from plaintiff or money in which plaintiff had a vested ownership interest." Madrid v. Perot Sys. Corp., 130 Cal.App.4th 440, 456 (2005). Neither Plaintiff nor any class member had any money taken from him. As pled by Plaintiff, rather, he was allegedly damaged when Defendants failed to reimburse patients for Plaintiff's services; i.e., Plaintiff could not collect bills from patients as a result of Defendants' policies. The unpaid bills Plaintiff is looking to collect from Defendants cannot be recovered via the UCL. Absent an actual taking of money from an individual, a plaintiff cannot recover money from a third-party unless he can trace back funds that he lost or to which he is entitled. See, e.g., Violante v. Communities Southwest Dev. & Constr. Co., 138 Cal.App.4th 972, 980 (2006) (employees of subcontractor cannot use the UCL to recover unpaid wages from prime contractor).[15]

---

[15] Count IV should also be dismissed for lack of standing under Article III of the United States Constitution. In Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021-22 (9th Cir. 2004), the Ninth Circuit held that a former insured had no standing to seek injunctive relief against an insurer under the UCL, because Article III to the United States Constitution would require the insured to demonstrate "a real or immediate threat of an irreparable injury" to entitle the insured to injunctive relief, and the insured had no current contractual relationship with the insurer. Plaintiff has no contractual relationship with either Defendant, and no interest beyond the specific benefit claims that he alleges. Thus, Plaintiff has no ability

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

LA:246913\047273-280219

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

## IX. COUNT FOR BREACH OF CONTRACT FAILS BECAUSE PLAINTIFF DOES NOT ADEQUATELY PLEAD THE EXISTENCE OF A CONTRACT.

Plaintiff's breach of contract claim fails because he does not sufficiently plead the existence of a contract, and entirely fails to plead performance or excuse for non-performance. Plaintiff must plead four elements for a breach of contract claim: (1) a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendants' breach; and (4) damage to plaintiff. Spiegler v. Home Depot U.S.A., 552 F.Supp.2d 1036 (C.D. Cal. 2008) (citations omitted). To satisfy the first element of a contract claim, "Federal Rule of Civil Procedure 8(a) permits a plaintiff to assert the existence of an express, written contract either by setting it forth verbatim in the complaint, or the plaintiff may attach a copy as an exhibit, or plead it according to its legal effect." Pierce v. Montgomery County Opportunity Bd., Inc., 884 F.Supp 965, 970 (E.D. Penn. 1995) (citations omitted); see also 5 Charles A. Wright, Arthur R. Miller, Federal Practice and Procedure, § 1235 at 272, 273 (1990); ("In pleading the existence of an express written contract, the plaintiff, at her election, may set it forth verbatim in the complaint, attach a copy as an exhibit, or plead it according to its legal effect.").

Plaintiff fails to plead a contract with any specificity. Indeed, Plaintiff has not set forth a contract verbatim in the Complaint, Plaintiff has not attached a contract and Plaintiff fails to explain the legal effect of a contract, including both parties obligations. Rather, Plaintiff has merely stated that he intends to bring a claim based on his receipt of an unspecified assignment from an unidentified patient who Plaintiff believes was covered by a health care plan of Defendants which is not subject to ERISA. See e.g., Complaint ¶ 217 (identifying the contracts as "patients' . . . individual or group health insurance plans not subject to ERISA"); see also Complaint at ¶ 64 (entire relationship is alleged on information and belief). As these allegations are currently pled, it is

to make a showing of "irreparable injury" as required under Hangarter.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1   impossible to determine what contract, if any, Plaintiff contends Defendants breached.

2   Furthermore, Plaintiff entirely fails to plead that there was any performance under the

3   contract and/or excuse for non-performance. See, e.g., id. at ¶¶ 215-220. Accordingly,

4   Plaintiff's contract claim should be dismissed.

## X.   PLAINTIFF'S STATE LAW FRAUD CLAIM LIKEWISE FAILS FOR LACK OF SPECIFICITY.

7   Plaintiff's constructive fraud claim fails for two separate and independent

8   reasons: (1) Plaintiff failed to plead a confidential and/or a fiduciary relationship

9   between him and Defendants; and (2) Plaintiff failed to provide sufficient details to

10  plead sufficient facts to meet the heightened standard of pleading fraud under FRCP

11  9(b).

12  Specifically, "[t]o state a claim for constructive fraud, a party must allege (1) a

13  fiduciary or confidential relationship; (2) an act, omission or concealment involving a

14  breach of that duty; (3) reliance; and (4) resulting damage." Dealertrack v. Huber, 460

15  F.Supp.2d 1177 (C.D. Cal. 2006). "Constructive fraud is a unique species of fraud

16  applicable only to a fiduciary or confidential relationship. As a general principle

17  constructive fraud comprises any act, omission or concealment involving a breach of

18  legal or equitable duty, trust or confidence which results in damage to another even

19  though the conduct is not otherwise fraudulent." Assilzadeh v. California Federal Bank,

20  82 Cal.App.4th 399, 414 (2000).

21  Furthermore, as set forth above, allegations of fraud must meet the heightened

22  pleading standards of FRCP 9(b). Rule 9(b) demands that the circumstances

23  constituting the alleged fraud "be specific enough to give defendants notice of the

24  particular misconduct so that they can defend against the charge and not just deny that

25  they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th

26  Cir. 2001) (citations omitted). For example, "[a]verments of fraud must be

27  accompanied by 'the who, what, when, where, and how' of the misconduct charged."

28  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Indeed, "[t]he

LA:246913\047273-280219

24

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  complaint must specify such facts as the times, dates, places, benefits received, and

2  other details of the alleged fraudulent activity." Neubronner v. Milken, 6 F.3d 666, 672

3  (9th Cir. 1993); see also Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540

4  (9th Cir. 1989).

5        The Complaint is devoid of any allegation that either Defendant was in a

6  fiduciary and/or confidential relationship with Plaintiff. Rather, Plaintiff has only

7  alleged that Defendants acted as a fiduciary of "its insured's health-plans, as well as a

8  fiduciary for self-insured plans." Complaint ¶ 142. In addition, Plaintiff's constructive

9  fraud claim is based only on the meager statement that Defendants purportedly made

10 "UCR determinations and reimbursements to [Plaintiff and the class] based on faulty

11 data." Complaint ¶ 224. Plaintiff, however, entirely fails to state who made these

12 determinations and reimbursements, under what agreement, if any, the determinations

13 and reimbursements were made, how they were made, to whom and when they were

14 made and who relied upon the determinations and reimbursements. Accordingly,

15 Plaintiff's constructive fraud count should be dismissed.

16 **XI.   CONCLUSION**

17        For the reasons set forth above, Defendants respectfully request that Plaintiff's

18 Complaint be dismissed.

19 Dated:  September 14, 2009            VENABLE LLP

20

21                                      By: /s/Richard J. Frey
22                                          Richard J. Frey
                                            Counsel for Defendants
23                                          CAREFIRST OF MARYLAND, INC.
                                            and GROUP HOSPITALIZATION
                                            AND MEDICAL SERVICES, INC.
24

25

26

27

28

LA:246913\047273-280219

25